UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| AVIATION WEST CHARTERS, LLC d/b/a ANGEL MEDFLIGHT,<br><br>Plaintiff,<br><br>v.<br><br>UNITEDHEALTHCARE INSURANCE COMPANY,<br><br>Defendant. | CIV. NO. 2:16-436 WBS AC<br><br>MEMORANDUM AND ORDER RE: MOTION TO INTERVENE |

----oo0oo----

        While on vacation in Mexico, minor M.M. sustained a fractured right leg and was transported to a Mexican hospital. M.M. is a beneficiary of a healthcare plan ("Plan") administered and insured by UnitedHealthcare Insurance Company ("United"). Plaintiff Aviation West Charters, LLC, used air ambulatory services to transport M.M. from Mexico to Seattle for treatment at a Seattle Children's Hospital. Aviation West filed a claim for reimbursement, which United denied. After United denied several internal appeals, Aviation West filed this action against

1

United for recovery of benefits due under the Plan and ERISA, 29 U.S.C. § 1132(a). Non-party Dina Miller, acting as legal guardian for her daughter M.M., now moves to intervene as a party plaintiff under Federal Rule of Civil Procedure 24(b). (Docket No. 31.)

Under Rule 24(b), the court may permit anyone to intervene who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1). The court has discretion to permit a party to intervene and, in exercising this discretion, the court considers "whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). Permissive intervention "requires (1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action." Freedom from Religion Foundation, Inc. v. Geithner, 644 F.3d 836, 843 (9th Cir. 2011). The "requirements for intervention are to be broadly interpreted in favor of intervention." Smith v. L.A. Unified Sch. Dist., 830 F.3d 843, 853 (9th Cir. 2016) (quoting United States v. Alisal Water Corp., 370 F.3d 915, 919 (9th Cir. 2004)).

The first and third factors are clearly met. First, there is an independent basis for jurisdiction over the applicant's claim based on federal question jurisdiction because the applicant's claim arises under ERISA. There is also a common question of law and fact because Ms. Miller's claim arises from the same set of facts as Aviation West's claim--United's denial of benefits for M.M.'s transportation from Mexico to Seattle.

Second, the Motion is timely. While a significant amount of litigation has occurred in this case, Miller brought this Motion just over one month after defendant first objected to the assignment of claims from Miller to plaintiff. Defendant also argues the Motion is not timely because it would prejudice United by requiring the reopening of discovery. Since this is an appeal from a denial of benefits, and the court's review is generally limited to the administrative record, see Burke v. Pitney Bowes Inc. Long-Term Disability Plan, 544 F.3d 1016, 1027-28 (9th Cir. 2008), any necessary discovery would be limited in both time and scope. Moreover, at the hearing on this motion counsel for United stated that it would not need additional discovery prior to another summary judgment motion. Ms. Miller also moved to intervene just over a month after United first argued the proper plaintiff was not before the court. The court therefore finds that this Motion is timely, and all three factors for permissive intervention are met.

Further, Ms. Miller--acting as M.M.'s guardian--is the real party in interest in this action. As discussed in this court's Order re: Motion for summary judgment, Aviation West did not have standing to bring this action due to an invalid assignment of M.M.'s claims.

Rule 17 of the Federal Rules of Civil Procedure requires that an action "be prosecuted in the name of the real party in interest." Where the action is originally brought by a party other than the real party in interest, Rule 17 provides that a court "may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an

3

objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." Fed. R. Civ. P. 17(a)(3).

IT IS THEREFORE ORDERED that non-party Dina Miller's Motion to intervene as a plaintiff (Docket No. 31) be, and the same hereby is, GRANTED.

Dated: August 23, 2017

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE