UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| AVIATION WEST CHARTERS, LLC d/b/a ANGEL MEDFLIGHT, <br><br> Plaintiff, <br><br> v. <br><br> UNITEDHEALTHCARE INSURANCE COMPANY, <br><br> Defendant. | CIV. NO. 2:16-436 WBS AC <br><br> <u>MEMORANDUM AND ORDER RE: MOTION FOR SUMMARY JUDGMENT AND MOTION TO STRIKE</u> |

----oo0oo----

Plaintiff Aviation West Charters, LLC ("Aviation West") brought this action against defendant UnitedHealthcare Insurance Company ("United"), alleging that defendant violated ERISA when it failed to pay plaintiff for ambulatory services provided to a beneficiary of a medical plan provided by defendant. Before the court is defendant's Motion for summary judgment and Motion to strike. (Docket Nos. 23, 36.)

While on vacation in La Paz, Mexico, non-party minor M.M. sustained a fractured right leg, and was subsequently taken

1

to a Mexican hospital.  M.M. is covered by a healthcare plan ("the Plan"), for which United is the insurer and claims administrator.  (See Stalinski Decl., Ex. A ("Plan") (Docket No. 24-1).)  The Plan offers emergency and non-emergency ambulatory services.

On January 10, 2014, Aviation West, an air ambulance service, requested pre-authorization for air and ground ambulance service to transport M.M. from Mexico to Seattle Children's Hospital in Seattle, Washington.  (Stalinski Decl., Ex. B at 1 (Docket No. 24-1).)  United did not respond, and on January 11, Aviation West flew M.M. from Mexico to Seattle, at a cost of $495,925.  (Stalinski Decl., Ex. D ("Health Ins. Claims Form") at 203 (Docket No. 24-2).)  Aviation West submitted a reimbursement claim for emergency transportation, which United denied. (Stalinski Decl., Ex. C at 1-2 (Docket No. 24-1).)

Aviation West brought three internal appeals to the denial of this claim as M.M.'s authorized representative, which United denied.  (See PX15; PX16; PX21.)  Aviation West then filed a request for external review as M.M.'s authorized representative, which United also denied.  (See PX41.)  On March 1, 2016, Aviation West initiated this action against United, seeking to recover benefits due under the Plan and ERISA, 29 U.S.C. § 1132(a), as M.M.'s purported assignee.  (See First Am. Compl. (Docket No. 13).)

Defendant moves for summary judgment on the basis, among others, that Aviation West lacks standing to bring this action.  Under 29 U.S.C. § 1132(a), a civil ERISA enforcement action may be brought only by a plan participant, beneficiary,

2

fiduciary, or the Secretary of labor. A healthcare provider cannot bring claims on its own behalf, but may do so if a beneficiary assigned its benefits claims to the healthcare provider. See Cromwell v. Equicor-Equitable HCA Corp., 944 F.2d 1272, 1277 (6th Cir. 1991); Misic v. Building Serv. Emps. Health & Welfare Trust, 789 F.2d 1374, 1377 (9th Cir. 1986) (per curiam). M.M., as the beneficiary to the Plan, assigned her rights under the Plan to Aviation West. (See Health Ins. Claim Form at 208.)

However, a beneficiary may not assign her rights under the plan if the plan contains a non-assignment clause. See Davidowitz v. Delta Dental Plan of Cal., Inc., 946 F.2d 1476, 1481 (9th Cir. 1991); Quaresma v. BC Life & Health Ins. Co., 623 F. Supp. 2d 1110, 1128-29 (E.D. Cal. 2007) (Wanger, J.) (dismissing causes of action against insurer by assignee because non-assignment clause prevented the purported assignee from having standing to recover under the ERISA plan). Here, it is undisputed that the Plan contains a non-assignment clause that prevents a beneficiary from assigning "Benefits under the Policy to a non-Network provider without [United's] consent." (Plan at 46.) Plaintiff cites no evidence that United consented to the assignment of M.M.'s benefits to Aviation West.

Aviation West nonetheless argues it has standing to bring this action because United waived the non-assignment clause when (1) it did not object to the assignment of benefits document and (2) it did not object to the assignment during the internal administrative process.

First, M.M. and Aviation West signed an Assignment of

Benefits document, which states that if the assignment is prohibited "by the terms of an anti-assignment provision . . . , [United should] advise and disclose to [Aviation West] in writing . . . within ten (10) days upon receipt of [the] Assignment"; otherwise "any anti-assignment provision is waived." (Health Insurance Claim Form at 208.) Aviation West argues that because United did not object to the assignment within ten days of receipt, United waived its non-assignment clause. Requiring United to affirmatively reject an assignment is contradictory to the express terms of the Plan, which states that United must consent to an assignment. (Plan at 46.) Further, while Aviation West submitted this document to United, United did not sign or otherwise acknowledge this agreement and Aviation West provides no authority suggesting that United can be bound by a contract it did not sign. Therefore, United's failure to object to the assignment contract that it did not sign does not constitute a waiver of the Plan's non-assignment clause.

Second, the Ninth Circuit has held that an insurer is required to provide a reason for denying a claim when communicating the denial and an insurer waives the right to rely on "a known or reasonably knowable reason" not cited in the denial letter. Spinedex Physical Therapy USA Inc. v. United Healthcare of Ariz., Inc., 770 F.3d 1282, 1296 (9th Cir. 2014); see Harlick v. Blue Shield of Cal., 686 F.3d 699, 719 (9th Cir. 2012) ("A plan administrator may not fail to give a reason for a benefits denial during the administrative process and then raise that reason for the first time when the denial is challenged in federal court . . . ."); Aceves v. Allstate Ins. Co., 68 F.3d

1160, 1163-64 (9th Cir. 1995) ("Waiver providers insurers with an incentive to investigate claims diligently. The doctrine prevents insurers from denying claims for one reason, then coming forward with several other reasons after the insured defeats the first."). During the internal appeals, United never relied on the non-assignment clause to deny the claim for benefits.

However, if an insurance provider was not aware that the healthcare provider was acting as an assignee in the administrative appeal, there is no waiver of a non-assignment clause. See Spinedex, 770 F.3d at 1296. In Spinedex, 770 F.3d at 1297, the Ninth Circuit held that there was no evidence that the insurance provider was aware, or should have been aware, of the fact that the healthcare provider was acting as the beneficiaries' assignee during the internal administrative process claim. Instead, the insurance provider believed that the healthcare provider was acting as the insured's authorized representative charged with filing, collecting, or appealing a claim on behalf of the patient. Id. Therefore, the insurance provider did not waive the plan's non-assignment clause when it objected to the assignment for the first time in the district court. Id.; see also Care First Surgical Ctr. v. ILWU-PMA Welfare Plan, CASE NO. CV 14-01480 MMM (AGRx), 2014 WL 12573014, at *17 (C.D. Cal. Dec. 26, 2014) (finding anti-assignment clause was not waived because there were "[n]o allegations . . . that defendants knew that [plaintiff] was acting as [the beneficiaries'] assignee, rather than as their authorized representative").

Similar to Spinedex, United had no reason to believe

that Aviation West was acting as M.M.'s assignee, as opposed to M.M.'s authorized representative, during the administrative process. Prior to any appeals, Aviation West requested information from United as the authorized representative of the insured. (See PX01 at 1, 4.) Aviation West brought three internal administrative appeals and the request for external appeal "in its capacity as the authorized representative of [M.M.]" (PX015 at 1; PX016 at 1; PX021 at 1; PX041 at 1.) Nowhere in the internal appeals or the request for external review does Aviation West indicate it is acting as M.M.'s assignee. With each appeal, Aviation West submitted an authorized representative form. United believed that Aviation West was acting as M.M.'s authorized representative, and had no reason to believe Aviation West was an assignee. Because there is no evidence that United knew Aviation West was acting as M.M.'s assignee, United did not waive the non-assignment clause by failing to rely on the non-assignment clause in its benefits denial.[1]

IT IS THEREFORE ORDERED that defendant's Motion for summary judgment as to plaintiff Aviation West (Docket No. 23) be, and the same hereby is, GRANTED.

---

[1] Defendant's motion to strike the declaration of Dina Miller because it is not part of the administrative record and contains testimony that is inadmissible under the Federal Rules of Evidence (see Docket No. 36) is better captioned as objections to the court's consideration of this evidence and not a motion to strike. Because the court will construe this motion as objections to the Miller Declaration and the court does not rely on the Miller Declaration in its Motion, the court denies this motion and overrules these objections as moot.

IT IS FURTHER ORDERED that any renewed Motion for summary judgment based upon grounds not addressed in this Order shall be filed by September 18, 2017.  Any opposition to such motion shall be filed by October 2, 2017.  Any reply to such opposition shall be filed by October 16, 2017.  Any hearing on such motion shall take place on October 30, 2017, at 1:30 p.m.

Dated: August 23, 2017

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE